IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JUSTIN MICHAEL WOLFE,

    Petitioner,

v.                                       CIVIL ACTION NO. 2:05cv432

HAROLD W. CLARKE, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,

    Respondent.

**Order Denying Emergency Temporary Stay Pending Appeal**

Before the Court is the Commonwealth's Motion for Temporary Stay Pending Appeal on the Court's December 24, 2012 Order. This matter is ripe for judicial determination.[1] For the reasons set forth herein, the Commonwealth's Motion for an Emergency Temporary Stay Pending Appeal is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 7, 2002, a Prince William County jury convicted Petitioner, Justin Wolfe, of capital murder (murder-for-hire), use of a firearm in the commission of a felony, and conspiracy to distribute marijuana. As a result of his convictions, Wolfe was sentenced to death on the murder-for-hire charge and prison terms of thirty years and three years, respectively, on the conspiracy and firearm charges. Wolfe filed an appeal in the Supreme Court of Virginia on the capital murder conviction and filed an appeal in the Virginia Court of Appeals on the firearm and drug convictions. The non-death penalty cases were certified to the Supreme Court of Virginia and consolidated. The Supreme Court of Virginia dismissed the petition on March 10, 2005, and

---

[1] As of the filing of this Order, the Court had not received the Commonwealth's rebuttal to Petitioner opposition to the motion. Given the time sensitive nature of this inquiry and the complete nature of the Commonwealth's initial motion and supporting memorandum, the Court has all of the information necessary to render its order.

the United States Supreme Court denied Wolfe's petition for writ of certiorari on July 8, 2005. On November 7, 2005, Petitioner filed his federal habeas petition under the authority of 28 U.S.C. § 2254 ("§ 2254 claim"). On August 7, 2007, the Magistrate Judge issued a Report and Recommendation declining to conduct an evidentiary hearing and recommending that his petition be dismissed. On February 11, 2008, this Court adopted the Report and Recommendation and dismissed Wolfe's petition. Wolfe then filed a motion to alter or amend the judgment, which this Court denied on May 15, 2008.

On June 18, 2008, Wolfe filed his notice of appeal. On September 12, 2008, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") granted Wolfe a certificate of appealability on his extraneous influence, venireman, *Brady*, and *Giglio* claims. On May 11, 2009, the Fourth Circuit affirmed the district court's rulings on the extraneous influence claim and the venireman-counsel subpart, and vacated this Court's ruling on the *Brady*, *Giglio*, and venireman-court subpart claims. *Wolfe v. Johnson*, 565 F.3d 140 (4th Cir. 2009). Additionally, the Fourth Circuit remanded the case for a determination under *Schlup v. Delo*, 513 U.S. 298 (1995), and to decide whether an evidentiary hearing was appropriate. *Id.* On February 4, 2010, this Court issued a Memorandum Opinion and Order finding that Wolfe had satisfied the *Schlup v. Delo* standard to pursue his § 2254 claim. Furthermore, the Court granted Petitioner's Motion for an Evidentiary Hearing on his *Brady* and *Giglio* claims and reserved its ruling on Petitioner's venireman-court claim. This Court conducted a four-day evidentiary hearing on Petitioner's *Brady* and *Giglio* claims beginning on November 2, 2010.

On July 12, 2011, this Court issued a Memorandum Opinion and Order granting Petitioner's habeas petition on three grounds. First, this Court found that Petitioner was deprived of his right to due process pursuant to the Fourteenth Amendment, as interpreted in *Brady v.*

2

*Maryland*, to be apprised of all material, exculpatory information within the hands of the prosecution. Second, this Court found that the Commonwealth's use of witness Owen Barber's false testimony was grounds for habeas relief under both *Stockton v. Virginia* and *Giglio v. United States*. Third, this Court found that Petitioner was denied his Sixth Amendment right to an impartial jury. Accordingly, the Clerk entered judgment for Petitioner on July 12, 2011. On July 26, 2011, this Court issued an Amended Memorandum Opinion and Order, which made only technical changes to its Order of July 12, 2011 but did not alter any of the Court's rulings. On August 4, 2011, the Commonwealth filed a notice of appeal. On Petitioner's motion, this Court amended its judgment ("Amended Judgment") of July 12, 2011 on August 30, 2011 to further clarify that it granted habeas relief as to Petitioner's convictions on all charges, since the denial of Wolfe's right to due process permeated his entire state criminal trial. The Amended Judgment directed that "[t]he Commonwealth of Virginia shall, within 120 days of the date of this Order, provide Petitioner with a new trial, or release him unconditionally from custody."

On September 2, 2011, the Commonwealth then filed a notice of appeal of this Court's Amended Judgment. The Commonwealth filed a Motion for a Temporary Stay Pending Appeal on September 13, 2011. On November 22, 2011, the Court stayed its Amended Judgment "during the pendency of the Director's appeal to the Court of Appeals for the Fourth Circuit." On August 16, 2012, the Fourth Circuit affirmed this Court's habeas decree in a written opinion. On September 7, 2012, the Fourth Circuit issued its mandate, ending the Commonwealth's appeal of the Court's habeas decree, and thus lifting the stay issued by the Court. On November 16, 2012, Petitioner filed his "Motion to Enforce Judgment" before the Court ("Motion to Enforce"). On December 24, 2012, the Court granted the Petitioner's Motion and barred the Commonwealth from reprosecuting the Petitioner on the charges originally tried in state court or

any other charges stemming from death of Danny Petrole which requires the testimony of Owen Barber in any form. On December 28, 2012, the Commonwealth filed a Motion for Emergency Temporary Stay Pending Appeal of the Court's December 24, 2012 Order.

## II. LEGAL STANDARD

**Motion for Stay Pending Appeal**

The Commonwealth moves this Court to stay its December 24, 2012 Order. Petitioner opposes a stay of this Court's order pending appeal. The determination whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987). This standard is the same one that federal courts use when assessing whether to grant stays of other civil proceedings, as set forth in Rule 62 of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure. *Hilton*, 481 U.S. at 776. In *Hilton*, the Court articulated four factors that the district court should consider in determining whether to grant a stay of a judgment granting habeas relief pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and
> (4) where the public interest lies.

*Hilton*, 481 U.S. at 776.

In addition to these traditional stay factors, the Supreme Court directed that the possibility of flight and the petitioner's risk of danger to the public be considered. *Hilton*, 481 U.S. at 777. The Court also identified as a factor to be considered the state's interest in "continuing custody and rehabilitation" of the petitioner pending final determination of the case on appeal. *Id.* This interest is "strongest where the remaining portion of the sentence to be

4

served is long, and weakest where there is little of the sentence remaining to be served." *Id.* The final factor to be considered is the interest of the habeas petitioner in his release pending appeal, which is "always substantial" and strongest when the preceding factors are weakest. *Id.* at 777-78. The Court added:

> The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release should control.

*Id.* at 778 (internal citations omitted). Finally, the Court stated that "[s]ince traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777.

### III. DISCUSSION

This Court will decide whether to grant a temporary stay pending appeal of a grant of habeas relief by analyzing the stay factors enumerated in *Hilton v. Braunskill*, the same factors that courts traditionally employ in assessing applications for a stay in other types of civil proceedings. *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987).

*A. Strong Likelihood of Success on the Merits on Appeal*

The first *Hilton* factor is whether the applicant for the stay has made "a strong showing that he is likely to succeed on the merits" on appeal. *Hilton*, 481 U.S. at 776. On this factor, the Court disagrees with the Commonwealth's assertion that it has demonstrated a strong likelihood of success on appeal with respect to this Court's December 24, 2012 Order. This Court carefully considered and rejected all of the Commonwealth's arguments on this factor in its Order and there is no meritorious basis presented warranting reconsideration of the Court's conclusions.

Therefore, on this factor, the Court finds that the Commonwealth has not made the requisite showing of a strong likelihood of success on the merits on appeal.

### B. Irreparable Injury to the Commonwealth

The second *Hilton* factor is "whether the applicant will be irreparably injured absent a stay." *Hilton*, 481 U.S. at 776. The Commonwealth argues that it will be irreparably injured absent a stay because: (1) Petitioner is a flight risk; (2) the special prosecutor would be forced to "recreate the case from scratch" if the Commonwealth is successful on appeal; and (3) the Commonwealth will be unable to exercise its right of appeal. The Court finds each of these bases for irreparable injury unavailing. The Court has addressed the issue of whether the Petitioner is a flight risk or a danger to the public in prior proceedings and determined that he is neither. *See Wolfe v. Clarke*, 819 F. Supp. 2d 574, 585 (E.D. Va. 2011). The Commonwealth has presented no new information to the Court suggesting that anything has changed with respect to this issue. As such, this argument lacks merit.

As to any alleged difficulties the special prosecutor in this case could experience by the denial of a stay pending appeal of the Court's December 24 Order, the Court is perplexed as to why the special prosecutor's efforts would be lost or otherwise compromised. Furthermore, the Commonwealth has provided no specific support for this assertion. As such, the Court again finds that this argument lacks merit. Finally, this Court agrees with, and is bound by, the pronouncement by the U.S. Supreme Court that "[a] denial of a stay is not a decision on the merits of the underlying legal issues." *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960 (U.S. 2009). While it is true that the Commonwealth, under this Court's December 24, 2012 Order, is unable to pursue its existing charges against the Petitioner, if the Court's order is overturned, the Commonwealth can rearrest the Petitioner and proceed with its case. Given this,

6

any harm to the Commonwealth is temporary at best. Taken together, the Court finds that the Commonwealth would not be irreparably injured absent a stay. As such, on this factor, the Court finds that it favors the Petitioner.

*C. Injury to Other Interested Parties*

The third *Hilton* factor is "whether issuance of the stay will substantially injure the other parties interested in the proceedings." *Hilton*, 481 U.S. at 776. The Commonwealth asserts that the other interested party in this matter, that is the Petitioner, will not be substantially harmed by a stay in this case. The Court disagrees. As the Supreme Court held, "[t]he interest of the habeas petitioner in release pending appeal" is "always substantial," although just how substantial can depend a court's evaluation of the other *Hilton* Factors. *Hilton*, 481 U.S. at 777-778. Given the circumstances in this case and the fact that the Petitioner has been imprisoned for twelve years on the basis of unconstitutional convictions and is no longer able to receive a constitutional trial because of further conduct by the Commonwealth, the Court finds that subjecting Petitioner to additional delay would cause substantial and intolerable harm to him. As a result, this factor favors the Petitioner.

*D. Public Interest*

The fourth *Hilton* factor to assess when determining whether to grant a temporary stay is where the public interest lies. *Hilton*, 481 U.S. at 776. On this factor, the Court finds that the public interest lies slightly more in favor of the Petitioner. As the Commonwealth argues, it certainly has an interest in being able to prosecute those that allegedly violate state laws. However, the Petitioner is unquestionably correct that the public has an interest in the constitutional integrity of our nation's criminal justice system. Given the extraordinary

circumstances surrounding the issuance of the Court's December 24, 2012 Order, the Court concludes that it is not in the public's interest to grant a stay.

### E. Additional Hilton Factors

In addition to the four traditional stay factors above, the Supreme Court has stated that the district court should consider the following factors when determining whether to grant a temporary stay: the possibility of the petitioner's flight in the absence of a stay; the petitioner's risk of danger to the public; the state's interest in continuing custody and rehabilitation of the petitioner; and the interest of the petitioner in his release pending appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). With respect to Petitioner's risk of flight or danger to the public, the Court has already addressed these factors above and in prior proceedings and determined that no such risk or danger exists. Moreover, as indicated above, the Commonwealth has presented no new information to the Court suggesting differently.

As for the state's interest in the continuing custody and rehabilitation of the petitioner, the *Hilton* Court stated that this factor is "strongest [in favor of the stay applicant] where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton*, 481 U.S. at 776. As the Court noted in prior proceedings with respect to this factor:

> Wolfe has been sentenced to death on the capital murder-for-hire conviction and a term of thirty years on the drug conspiracy conviction. To date, Wolfe has been in prison for nine years, less than one-third of the drug conspiracy charge alone. Thus, this factor weighs in favor of granting a stay, due to the amount of time remaining on at least Wolfe's original drug sentence.

*Wolfe*, 819 F. Supp. 2d at 585. However, Petitioner's convictions and sentences were vacated by this Court in a decision affirmed by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Given this, Petitioner is not currently subject to custody or rehabilitation

beyond that of a defendant being held in temporary, pretrial detention. As such, this factor weighs in favor of Petitioner given the temporary nature of his current detention.[2]

The final stay factor to be considered is the petitioner's interest in his release pending appeal, an interest which is "always substantial" and strongest when the preceding factors are weakest. *Hilton*, 481 U.S. at 776. In the instant case, all of the preceding factors weigh in the Petitioner's favor, and as such, this factor does as well.

After considering all of the preceding *Hilton* factors, the Court **FINDS** that the balance weighs in favor of denying the Motion for Emergency Temporary Stay Pending Appeal. Accordingly, the Court **DENIES** the Commonwealth's Motion for Emergency Temporary Stay Pending Appeal. Therefore, this Court's December 24, 2012 Order remains in effect.

The Clerk is **DIRECTED** to send copies of this Order to all counsel of record.

**IS IT SO ORDERED**

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 3, 2013

---

[2] Furthermore, assuming that the proper point of analysis for this factor is his original drug sentence, the Court's previous determination on this factor would be applicable. However, the Court's overall weighing of the factors still supports the Petitioner and denial of the Commonwealth's motion.